UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IMANI LAWSON,<br><br>   Plaintiff,<br><br> v.<br><br>DICE HOLDINGS LLC,<br>OZARKS COMMUNITIES,<br>THERESA KNOTH, and<br>DANIEL,<br><br>   Defendants. | Case No. 26-cv-00041-JPG |

## MEMORANDUM AND ORDER

  This case is before the Court on Plaintiff Imani Lawson's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 4). A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. *Id.* § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a motion to proceed *in forma pauperis*, a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

  The Court is satisfied from Plaintiff's affidavit that she is indigent. However, it finds that

it lacks jurisdiction over this case. It reaches this conclusion for two reasons. First, it believes that it is barred from exercising jurisdiction under the *Rooker-Feldman* doctrine. The doctrine is "based upon the recognition that lower federal courts do not have the power to exercise appellate review over state court decisions." *Nationscredit Home Equity Servs. Corp. v. City of Chicago*, 135 F. Supp. 2d 905, 908 (N.D. Ill. 2001). "Under *Rooker-Feldman*, lower federal courts lack jurisdiction over claims seeking review of state court judgments or over claims that are 'inextricably intertwined' with state court determinations." *Id.* at 908–09. To determine if the doctrine applies, the Court "must determine whether the federal plaintiff seeks to set aside a state court judgment or whether the plaintiff is, in fact, presenting an independent claim." *Id.* at 909. "[I]f the injury which the federal plaintiff alleges resulted from the state court judgment itself, then *Rooker-Feldman* controls, and the lower federal courts lack jurisdiction over the claim. It does not matter that the state court judgment might be erroneous or even unconstitutional." *4901 Corp. v. Town of Cicero*, 220 F.3d 522, 527–28 (7th Cir. 2000).

      The *Rooker-Feldman* doctrine applies to this case. The injury alleged by Plaintiff appears to have resulted from the state court eviction judgment. She states that, because of Defendants' actions, she was left homeless, and she suffered property damage, emotional distress and financial hardship. All these injuries are caused by the state court judgment. In other words, if the state court had not approved the eviction, then Plaintiff would have no injury. Further, Plaintiff explicitly asks this Court to vacate the eviction and related judgments. This Court has no jurisdiction to reverse a state court judgment. Instead, "a party who seeks to overturn a state court judgment must proceed through the state judicial system and can seek federal review only from the United States Supreme Court." *Nationscredit Home Equity Servs. Corp.*, 135 F. Supp.

2d at 909.

Second, Plaintiff fails to state any claim within the Court's subject matter jurisdiction. Plaintiff asserts federal question jurisdiction under 28 U.S.C. § 1331. Her complaint attempts to allege violations of the Fair Housing Act ("FHA"). She claims that she notified Defendant Theresa Knoth ("Knoth") of discrepancies in her Ameren bills, and in retaliation for asserting her rights, Knoth terminated her lease, engaged in unprofessional and harassing communications, and initiated eviction proceedings. The FHA prohibits discrimination "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). In addition, it makes it unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. Plaintiff fails to state a claim under the FHA. She has not alleged that she was discriminated against based on any protected characteristic. In fact, she fails to even allege that she is a member of a protected class. She also does not allege that she engaged in the exercise of a protected activity under the FHA. Without a federal cause of action, this Court lacks subject matter jurisdiction.

The Court is satisfied that Plaintiff is indigent but believes that it lacks subject matter jurisdiction over this case. It ORDERS Plaintiff to SHOW CAUSE on or before April 3, 2026, why the Court should not dismiss this case for lack of subject matter jurisdiction. In response to this order to show cause, Plaintiff may file an amended complaint with sufficient facts to state a

claim that arises under federal law and resulted in an injury not caused by or inextricably linked to the state court eviction judgment. If Plaintiff fails to respond to this order to show cause, the Court will dismiss this case for lack of subject matter jurisdiction. It RESERVES RULING on Plaintiff Imani Lawson's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 4).

**IT IS SO ORDERED.**
**DATED**: **March 4, 2026**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **United States District Judge**